UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RODNEY K. WINCHESTER, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:21-CV-474-HAB-SLC |
| DAVID GLADIEUX, et al., | |
| Defendants. | |

OPINION AND ORDER

Rodney K. Winchester, a prisoner without a lawyer, filed a motion seeking to file a belated notice of appeal (ECF 32) and a petition for a certificate of appealability (ECF 33). Winchester's case was dismissed as abandoned pursuant to Federal Rule of Civil Procedure 41(b) on June 21, 2022. *See* ECF 16. Nearly eight months later, Winchester filed a motion for reconsideration (ECF 21), which the court denied in an order that detailed the history of the case. *See* ECF 29. Specifically, the court noted:

> Winchester admits he was transferred out of the Allen County Jail to the Reception Diagnostic Center in March of 2022, shortly after the court granted him leave to proceed in forma pauperis. He didn't notify the clerk of a change of address at that time, nor when he was transferred out of the Reception Diagnostic Center to the New Castle Correctional Facility in April of 2022. Although he argues he was unable to access the law library for an unspecified period of time at his new facilities, this fact doesn't plausibly suggest he was prevented from corresponding with the court nor does it explain why he didn't monitor his case, seek status updates, or make an effort communicate with the court in any way for approximately ten months after his arrival at his current facility. Indeed, when he *did* finally send the court a letter in February of 2023, he simply asked for an

> update.[1] As noted above, Winchester didn't file his motion to reconsider or specifically notify the court of his change of address until nearly eight months after the case was dismissed, and he hasn't provided any compelling reason why. Accordingly, neither Winchester's actions throughout this litigation nor his explanations in his motion meet the legal requirements to be considered a mistake, excusable neglect, or any other reason that would justify the extraordinary remedy of granting Rule 60 relief. In sum, the court did not err by dismissing Winchester's case as abandoned, and Winchester has not shown good cause to reopen it.

*Id.* at 4–5. Now, over three months after that order was docketed, Winchester has filed his current motions seeking to file a belated notice of appeal. ECF 32 & ECF 33.

"A timely notice of appeal is a prerequisite to appellate review." *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008) (citations omitted). Under Federal Rule of Appellate Procedure 4(a)(5), a district court may extend the time for filing a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and shows "excusable neglect or good cause" for the extension. In analyzing whether excusable neglect exists, the court considers relevant circumstances including "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay (i.e., whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith." *Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012). Good cause, on the other hand, "applies in situations in which there is no fault—excusable or otherwise."

---

[1] Had he sent such a letter shortly after his transfer(s) as he was required to do, the court would have sent him an updated copy of the docket to his new address at that time—prior to the dismissal of the case.

2

*Id.* (quoting the Advisory Committee Notes to the 2002 amendments to Federal Rule of Appellate Procedure Rule 4).

As noted above, the original dismissal order and judgment were entered on June 21, 2022, making the notice of appeal due on July 21, 2022. Thirty days from that date was Saturday, August 20, 2022. Because that period ended on a Saturday, the deadline for filing a motion for extension of time was shifted to Monday, August 22, 2022. *See* FED. R. APP. P. 4(a)(5); *see also* FED. R. CIV. P. 6(a)(1)(C). Winchester's current motions—dated November 16, 2023—are well outside the limit permitted by Rule 4(a)(5)(A). Consequently, the court is without authority to extend the time to appeal based on his untimely motions.

Winchester may be arguing that he wishes to appeal the denial of the motion for reconsideration, which was entered on July 31, 2023. Because his motion to reconsider was dated February 13, 2023 (*see* ECF 21 at 3)—nearly eight months after the entry of judgment—it was construed pursuant to Federal Rule of Civil Procedure 60(b). *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). A Rule 60 motion, "if successful, would afford plaintiff complete relief from the final judgment, but does not toll the time period for appeals." *Parke-Chapley Const. Co. v. Cherrington*, 865 F.2d 907, 911 (7th Cir. 1989); *see also* FED. R. CIV. P. 60(b) ("Note to Subdivision (b). Application to the court under this subdivision does not extend the time for taking an appeal, as distinguished from the motion for new trial."). Therefore, his Rule 60(b) motion does not provide a basis for allowing a belated appeal either.

Moreover, even if the court considered the July 31, 2023, date as controlling—which it is not—Winchester's motions would still be denied. A notice appealing that order would have been due by August 30, 2023, making the deadline for filing a motion for extension of time to file a belated appeal September 29, 2023. *See* FED. R. APP. P. 4(a)(5). Winchester's current motions—which focus on the alleged reasons he wasn't able to notify the court of his change of address in 2022 and do *not* allege he failed to receive the order denying reconsideration when it was issued in July of 2023—are dated November 13, 2023. Thus, even considering the later date, Winchester's motions to extend the deadline to appeal are untimely.

Finally, the district court "may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced."

FED. R. APP. P. 4(a)(6).

The entry of judgement was docketed on June 21, 2022, so the current motions were not filed within 180 days of judgment, which would have been December 19, 2022. Additionally, even assuming without deciding that Winchester did not receive notice of the judgment within 21 days of its entry, it's clear he had notice of it by at least

4

February 13, 2023, as evidenced by the date of his previous motion to reconsider. Therefore, he did not file his motions for permission to file a belated notice of appeal within 14 days after receiving notice either. Accordingly, the court declines to reopen the time to file an appeal pursuant to Rule 4(a)(6).[2]

For these reasons, the court:

(1) DENIES the motion for permission to file a belated notice of appeal (ECF 32); and

(2) DENIES the motion for a certificate of appealability (ECF 33).

SO ORDERED on April 2, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[2] Again, filing a motion pursuant to Federal Rule of Civil Procedure 60(b) does not toll the time in which to appeal. *Parke-Chapley Const. Co.*, 865 F.2d at 911. That said, even if Winchester's motions can be construed as seeking to appeal the July 31, 2023, denial of reconsideration, they would still not satisfy the conditions necessary to reopen the time to appeal under Rule 4(a)(6). Specifically, nothing in the record suggests Winchester did not receive notice of that order within 21 days. Moreover, he did not file his current motions until November 13, 2023—105 days after that order was docketed.